RENDERED:  OCTOBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1004-ME

GEORGE ALEXANDER                                        APPELLANT


APPEAL FROM JEFFERSON FAMILY COURT
v.        HONORABLE A. CHRISTINE WARD, JUDGE
ACTION NO. 14-CI-502980


TAREKA MORGAN                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND KRAMER, JUDGES.

JONES, JUDGE:  Acting without the assistance of counsel, the Appellant, George

Alexander, appeals from an order of the Jefferson Family Court denying his

request to vacate the family court's prior award of child support for his minor child

with the Appellee, Tareka Morgan.[1]  Following a review of the record and all

applicable law, we affirm.

## I. BACKGROUND

Alexander and Morgan had a romantic relationship but were never

married to one another.  In August of 2013, Morgan gave birth to K.M.  Two

months later, a juvenile case was opened to establish paternity for K.M.  Alexander

signed an acknowledgment of paternity and on January 27, 2014, a judgment of

paternity and order of support were entered in the juvenile case.

Alexander subsequently filed a petition for custody, support, and

visitation in the family court on September 25, 2014.  The family court heard

testimony on February 9, 2015, relating to issues of support and timesharing.

Alexander was present and represented by counsel.  On May 6, 2015, the family

court entered an order for Alexander to pay $747.00 in child support each month.

The order also established a parenting schedule.

The Jefferson County Attorney, on behalf of the Cabinet for Health

and Family Services, filed a motion to intervene to establish, enforce, and/or

modify child support on September 28, 2015.  As a result, a wage-withholding

---

[1] Alexander's motion to the family court cited Federal Rule of Civil Procedure 60(b).  The Federal Rules of Civil Procedure are not applicable in Kentucky state courts.  We construe Alexander's motion as having been brought pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02, the analogous state court rule of procedure.

order was entered, with the child support payments to be made directly to the Division of Child Support.

A little over a year later, Alexander began alleging fraud in connection with the paternity and child support proceedings. He mailed various letters and notices to the Jefferson County Attorney as well as the family court. Among other things, Alexander contended that his acknowledgment of paternity had been fraudulently procured. Nothing of substance came from Alexander's letters and notices; the court returned them as not properly filed.

This did not deter Alexander, who eventually filed an action against the Cabinet, the family court judge, and the County Attorney in federal district court alleging that they fraudulently obtained his signature on the acknowledgement-of-paternity form and forced him to pay money for child support. The federal district court dismissed Alexander's claim on grounds of immunity and failure to state a claim. *See Alexander v. Kentucky Cabinet for Health and Family Services*, No. 3:17-CV-101-DJH-DW, 2017 WL 4570309 (W.D. Ky. Jul. 28, 2017). Alexander then filed a second suit in the federal district court alleging that the same defendants participated in "racketeering, commingling, and conspiracy against rights" with Morgan through the state child custody and support program. *Alexander v. Morgan*, 353 F. Supp. 3d 622 (W.D. Ky. 2018). Following issuance of a show cause order, the federal district court determined that

the action should be dismissed on abstention grounds because through his complaint Alexander had essentially asked the federal district court "to act as an appeals court and overrule the decision of a state court." *Id.* at 631.

A few months later, Alexander filed a motion before the family court seeking to terminate his child support. In addition to raising issues concerning whether his acknowledgment of paternity was fraudulently obtained, Alexander also argued that the attorney who represented him in the family court proceedings regarding custody, timesharing, and child support did not have Alexander's permission to negotiate on his behalf and that Alexander was not present at any of the child support hearings. The family court held a hearing wherein it reviewed the proceedings from February 9, 2015. After confirming Alexander's presence at the hearing, it denied the motion on May 31, 2019.

This appeal followed.

## II. ANALYSIS

As previously noted, Alexander filed his motion pursuant to the Federal Rules of Civil Procedure. Child support is purely a matter of state law, and this is a state court action. The Federal Rules of Civil Procedure are not applicable. Therefore, we will construe Alexander's motion as having been brought pursuant to the analogous state court rule of procedure, CR 60.02. It provides:

-4-

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

*Id.*

Alexander's arguments fall squarely within grounds (a), (b), and (c). This means Alexander had one year after the order he seeks to vacate became final in which to file his motion. The child support order at issue was entered in May of 2015. Alexander did not file his motion with the family court until January of 2019. Additionally, to the extent any other grounds are applicable, it is impossible to say that Alexander filed his motion with the family court "within a reasonable time." The motion raised the same issues Alexander had raised with the federal district court in 2017; it was unreasonable for him to wait another two years before filing a motion with the family court.

Alternatively, as confirmed by the family court, Alexander was present at the child support hearings, and he has failed to present anything beyond conjecture and speculation that there was any collusion or fraud involved in obtaining his acknowledgment of paternity which led to the child support order at issue. And, to the extent that Alexander believed there was some fraud involved in the paternity action, he could have filed an appeal at that time. He failed to do so. There is simply no basis in the record to vacate the child support order at issue. Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

George Alexander, *pro se*
Hillview, Kentucky

BRIEF FOR APPELLEE:

Catherine Kamenish
Louisville, Kentucky